IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>WENDY A. ECKERT,<br><br>        Defendant. | 4:20-CR-3043<br><br>TENTATIVE FINDINGS |

The Court has received the presentence investigation report in this case. There are no objections to the presentence report's calculation of the guidelines range. The defendant has moved for a downward variance. Filing 27.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

  (c) impose upon the United States the burden of proof on all Guidelines enhancements;

  (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

  (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

  (f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. Neither party objects to the presentence report's calculation of the guidelines range of 262 to 327 months' imprisonment. *See* filing 25; filing 27. The presentence report recommends a downward variance to 240 months' imprisonment. The government disagrees, recommending a sentence at the low end of the guidelines range. Filing 25. The defendant recommends an even greater variance based on her personal circumstances, the circumstances of the offense, and the § 3553(a) factors, and she is asking for a mandatory minimum sentence of 180 months' imprisonment. Filing 27. Those arguments will be resolved at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that

      the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 10th day of November, 2020.

                                      BY THE COURT:

                                      *John M. Gerrard*
                                      John M. Gerrard
                                      Chief United States District Judge